IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CHRISTOPHER CONNER | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:22-00159 |
| | ) | |
| REGIONS BANK | ) | |

**TO:   Honorable Aleta A. Trauger,   District Judge**

R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered March 7, 2022 (Docket Entry No. 8), the Court referred this *pro se* case to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1) and Rule of the Federal Rules of Civil Procedure.

Presently pending is Defendant's motion to compel arbitration and stay proceedings. *See* Docket Entry No. 6. The motion is opposed by Plaintiff. *See* Docket Entry No. 11. For the reasons set out below, the undersigned respectfully recommends that the motion be granted to the extent that Defendant seeks to compel arbitration. However, the Court recommends dismissal of the case without prejudice in lieu of a stay.

### I.   BACKGROUND

Christopher Conner ("Plaintiff"), a resident of Nashville, Tennessee, originally filed this *pro* se action on November 2, 2021, in the General Session Court for Davidson County, Tennessee against Regions Bank ("Regions"), an Alabama corporation, raising claims of breach of contract and negligence related to obtaining the title for an automobile that he purchased through a financing agreement with Regions. The case was then transferred by the General Session Court

to the Circuit Court for Davidson County, Tennessee on or about January 21, 2022, and an amended complaint was filed by Plaintiff that sought damages in excess of $75,000.00. Defendant removed the case to this Court on March 3, 2022, on the basis of diversity jurisdiction under 28 U.S.C. §1332. *See* Notice of Removal (Docket Entry No. 1). Plaintiff did not contest removal.

In lieu of an answer, Defendant filed the pending motion to compel arbitration and to stay the federal proceedings until arbitration is complete. Defendant asserts that Plaintiff signed a Note, Disclosure, and Security Agreement ("the Contract") with Regions that contains an arbitration clause, providing that: "any controversy, claim, dispute, or disagreement . . . may be resolved by BINDING ARBITRATION at the election of either party to this agreement." *See* Exhibit 1 (Docket Entry No. 6-1) at 3. Defendant argues that Plaintiff's claims fall within this clause and that, although Plaintiff's claims were exempt from arbitration pursuant to the terms of the Contract while Plaintiff's case was in General Sessions Court, it made its election to arbitrate the claims known to Plaintiff shortly after the case was transferred from General Sessions Court to Circuit Court. *See* Defendant's Memorandum in Support (Docket Entry No. 7) at 2-3. Defendant argues that Plaintiff should not be permitted to continue to litigate his claims and that the Court should compel arbitration of Plaintiff's claims as required by the Contract. *Id*. at 4. Defendant further requests a stay of the proceedings in this Court pending the conclusion of the arbitration proceeding. *Id*.

Plaintiff has filed a brief response in opposition to the motion in which he states: "[a]t issue is not whether an arbitration clause exists, but whether Defendant waived its right to arbitration." *See* Plaintiff's Response in Opposition (Docket Entry No. 11). Plaintiff argues that Defendant did not promptly elect to arbitrate the dispute and took several actions that were inconsistent with

reliance on the arbitration clause, including engaging in e-mail communications with him and engaging in litigation of the case in state court. *See* Plaintiff's Memorandum in Support (Docket Entry No. 12) at 2-3. Plaintiff argues that he suffered prejudice in the form of financial costs and unnecessary preparation and litigation of his case because of Defendant's delay in seeking arbitration. *Id*.

## II. ANALYSIS

The Court has reviewed the parties' filings and finds that the motion to compel arbitration should be granted. The arbitration clause in the Contract compels arbitration of Plaintiff's claims, and Plaintiff's argument that Defendant has waived its contractual right to arbitration is unpersuasive.

The question of whether the Plaintiff's claim must be arbitrated is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq*. (2011). The FAA provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. There is a strong presumption in favor of arbitration under the FAA, *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 652-53 (6th Cir. 2003), and any doubts regarding arbitrability must be resolved in favor of arbitration. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). Where a litigant establishes the existence of a valid agreement to arbitrate the dispute at issue, the Court must grant the litigant's motion to compel arbitration and must stay or dismiss proceedings until the completion of arbitration. *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005) (citing 9 U.S.C. §§ 3–4). The party opposing arbitration has the burden to prove that there is a "genuine issue of material fact as to the validity of the agreement to arbitrate." *Brubaker v. Barrett*, 801

F.Supp.2d 743, 750 (E.D. Tenn. 2011) (quoting *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002)).

In determining whether to compel arbitration of a party's claims, the Court must "engage in a limited review to determine whether the dispute is arbitrable." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)). This review requires the Court to determine whether "a valid agreement to arbitrate exists between the parties and [whether] the specific dispute falls within the substantive scope of the agreement." *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d 559, 561 (6th Cir. 2008). However, this is a limited review. *See Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004); *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003).

In the instant case, Plaintiff does not actually dispute that a written arbitration agreement exists between the parties that applies to his claims. Plaintiff's only argument against Defendant's motion to compel arbitration is that Defendant has waived its right to seek arbitration by not promptly seeking arbitration and by taking steps to litigate his claims. Plaintiff contends that he and counsel for Defendant were in communication for several months after his lawsuit was filed and that arbitration was not brought up until several months later. *See* Plaintiff's Memorandum in Support at 2-3. Plaintiff further points out that Defendant filed motions to quash subpoenas and to seek continuances in the general session court, sought discovery, removed the case to the circuit court, and then removed the case to Federal Court. *Id*. Plaintiff contends that he was required to spend time litigating his case and incurred unnecessary expenses because of Defendant's failure to promptly indicate its desire to arbitrate his claims. *Id*.

Despite the strong preference favoring arbitration, "a party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) 'delaying its assertion to such an extent that the opposing party incurs actual prejudice.'" *Hurley v. Deutsche Bank Tr. Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010) (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003); *Curry L. Firm v. Health Care Indem., Inc.*, 547 F. Supp. 3d 776, 778 (M.D. Tenn. 2021). Both inconsistency and actual prejudice are required. *Shy v. Navistar Int'l Corp.*, 781 F.3d 820, 828 (6th Cir. 2015).

Plaintiff fails to satisfy the showings required for his waiver argument. Defendant correctly points out that the Contract specifically exempts claims that are pursued in small claims courts, such as General Sessions Court, from the arbitration clause. The Contract provides:

> Each party also has the option of filing an action in small claims court (or the equivalent court) for Claims or disputes within the scope of such court's jurisdiction. But if a Claim is transferred, removed, or appealed to a different court, Lender then has the right to demand arbitration of the Claim;

*see* Contract at 3; and

> The agreement to arbitrate does not limit Borrower's or Lender's right to file an action in small claims court for Claims or disputes within the scope of the small claims court's jurisdiction.

*Id*. at 4. Because it could not request arbitration of the claims while the claims were being pursued in General Session Court, its communications with Plaintiff and the litigation actions it took while the case was in General Sessions Court are not inconsistent with its subsequent assertion of its arbitration rights. Once Plaintiff's case was transferred to the Circuit Court and the arbitration clause became applicable, Defendant promptly invoked its right to seek arbitration of Plaintiff's claims. There are no facts showing delay by Defendant in asserting its arbitration

rights.   Based on the facts of this case, Plaintiff has not pointed to any events that would support a reasonable conclusion that Defendant acted in a manner that waived its arbitration rights under the Contract.   The instant case is readily distinguishable from both *Hurley v. Deutsche Bank Tr. Co. Americas*, 610 F.3d 334 (6th Cir. 2010), and *Southern Systems, Inc. v. Torrid Oven Ltd.*, 105 F.Supp.2d 848 (W.D. Tenn. 2000), which are cited as support by Plaintiff.   These cases involved delays of two years and eighteen months, respectively, by a party in asserting arbitration rights.[1] Accordingly, the Court finds that the Plaintiff is bound by the terms of the arbitration clause of the Contract.   Any pursuit of his claims must be through arbitration in compliance with the arbitration clause.

Furthermore, although Defendant requests a stay of this case pending completion of the arbitration proceedings, the claims raised by Plaintiff are subject to arbitration and there do not appear to be any circumstances requiring a stay of this case pending resolution of arbitration proceedings.   In such a situation, dismissal of the case without prejudice is appropriate instead of a stay.   *See Ozormoor v. T–Mobile USA, Inc.*, 354 Fed.App'x. 972, 975 (6th Cir. 2009) (affirming the district court's order compelling arbitration and dismissing the complaint when all claims were referred to arbitration); *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (dismissal of action in lieu of stay is proper); *Wilson v. Wells Fargo Fin. Acceptance, Inc.*, 2003 WL 1877336 (M.D. Tenn. Apr. 9, 2003) (Campbell, J.) (dismissal without prejudice in lieu of a stay when all claims in case must be submitted to arbitration).

---

[1] Plaintiff's reliance on *Broaddus v. Rivergate Acquisitions, Inc.*, 2008 WL 4525410 at *3 (M.D. Tenn. Oct. 1, 2008) (Campbell, J.), also fails to support his waiver argument.   In *Broaddus*, the Court found no waiver of arbitration rights under circumstances of very minimal litigation activity and very minimal delay.

# RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Defendant's motion to compel arbitration (Docket Entry No. 6) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE to refiling, if necessary, after the completion of arbitration.[2]

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[2] Also pending before the Court is Plaintiff's motion for a preliminary injunction (Docket Entry No. 9), which is opposed by Defendant. Although it is not necessary to address the merits of the motion in this Report given the recommendation that the case be dismissed and that arbitration be compelled, there is nothing raised in the motion for a preliminary injunction that is relevant to the issue of arbitration.